UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANWAR KHAN, JR.

    Plaintiff,

v.

    Case No. 16-11383
    District Judge Victoria A. Roberts
    Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

### ORDER: (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 29); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 28); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. # 25)

    I.    Background

Anwar Khan, Jr. ("Khan") brings this action pursuant to 42 U.S.C. 405(g). He appeals the denial of Social Security disability benefits by the Commissioner of Social Security (the "Commissioner"). The Appeals Council denied Khan's Request for Review of the decision issued by the Administrative Law Judge ("ALJ") on March 1, 2016. That ALJ decision stands as the Commissioner's final decision. The parties filed cross-motions for summary judgment. The Court referred those motions to Magistrate Judge R. Steven Whalen.

Magistrate Judge Whalen issued a Report and Recommendation ("R&R") recommending that the Court grant the Commissioner's Motion and deny Khan's. Magistrate Judge Whalen concluded that the ALJ did not err by giving little weight to Dr. Binkley's (Khan's psychiatrist) opinions and adopting a non-examining assessment over the treater's assessment. He also concluded there was no basis for remand because

1

the ALJ rejected the opinions of therapist Baer; and physician assistant Nugent. Finally, Magistrate Judge Whalen concluded that the ALJ did not violate Khan's due process rights, and that her determination of Khan's ability to work was well within the "zone of choice" accorded to ALJs.

Khan filed Objections. He specifically objects to Magistrate Judge Whalen's: (1) acceptance of the ALJ's disregard of reports showing a cervical spine impairment; (2) acceptance of the ALJ's rejection of Dr. Binkley's opinions; (3) failure to address Khan's argument that the ALJ erred in considering the opinions of a non-examining doctor (Dr. Douglass); and (4) finding that the ALJ did not violate Khan's due process rights.

II.     Standard of Review

A person may seek judicial review of any final decision of the Commissioner; however, the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405.

"Substantial evidence is more than a scintilla of evidence but less than a preponderance … ." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). And, if the Commissioner's decision is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

After proper objections are made, the Court conducts a *de novo* review of a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); F. R. Civ. P. 72(b)(3). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (citation omitted); *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 453-54 (6th Cir. 2006) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 798 (E.D. Mich. 2013).

III. Analysis

After *de novo* review of the cross motions for summary judgment, the R&R, Khan's objections, the Commissioner's response, and the remainder of the record, the Court agrees with Magistrate Judge Whalen's conclusions. Magistrate Judge Whalen accurately laid out the facts and relevant portions of the administrative record; he engaged in a thorough analysis of the issues and the law, and provided reasoned explanations for his conclusions. In reaching his conclusions, Magistrate Judge Whalen considered the entire record and applied the appropriate standard for review of an ALJ's decision, which was supported by applicable law and substantial evidence in the record.

IV. Conclusion

The Court **ADOPTS** Magistrate Judge Whalen's Report and Recommendation: Defendant's Motion for Summary Judgment is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS ORDERED.**

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: September 21, 2017